UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID KANEFSKY, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> HONEYWELL INT'L INC., *et al.*, <br><br> Defendants. | Civ. No. 2:18-15536 (WJM) <br><br> OPINION |

## WILLIAM J. MARTINI, U.S.D.J.:

**THIS MATTER** comes before the Court upon the competing motions of David Kanefsky ("Kanefsky") and Charles M. Francisco III ("Francisco") to serve as lead plaintiff, and separately, appoint lead counsel. ECF Nos. 5, 6. The Court decides the matter without oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court will **GRANT** Francisco's motion to serve as lead plaintiff and approve his choice of Levi & Korsinsky, LLP as lead counsel. The Court will **DENY** Kanefsky's motion on the same.

### I. BACKGROUND

Kanefsky brings this putative securities class action against Honeywell International Inc. ("Honeywell") and its corporate officers, Darius Adamczyk and Thomas A. Szlosek (collectively, "Defendants"), on behalf of all persons who purchased or otherwise acquired Honeywell securities from February 9, 2018 through October 19, 2018. Compl. ¶ 1, ECF No. 1. Kanefsky alleges he acquired Honeywell securities at artificially inflated prices and suffered damages when Defendants disclosed making materially false and misleading statements to the investing public. *Id.* ¶¶ 19–32.

### II. LEGAL STANDARD

The Private Securities Litigation Reform Act of 1995 ("PSLRA") directs a court appoint as lead plaintiff the member or members of the class "to be most capable of adequately representing the interests of class members," referred to as the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). The Court must adopt a rebuttable presumption that the "most adequate plaintiff" "is the person or group of persons" who: (1) "has either filed the complaint or made a [timely] motion" to be appointed lead plaintiff"; (2) upon a court's finding, "has the largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* § 78u-4(a)(3)(B)(iii)(I)(aa)–(cc). This presumption "may be rebutted only

upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff" either: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa)–(bb).

### III. DISCUSSION

The PSLRA provides no specific method to identify the presumptive lead plaintiff with the "largest financial interest," which means the largest financial loss. *In re Cendant Corp. Litig.*, 264 F.3d 201, 223 (3d Cir. 2001). Courts should consider three factors to assess the largest financial interest: (1) the number of shares purchased during the class period; (2) the total net funds expended during the same period; and (3) the approximate losses suffered. *Id.* at 262 (citations omitted). The third factor, the approximate losses suffered, is considered the most significant. *In re Vonage Initial Pub. Offering (IPO) Sec. Litig.*, Civ. No. 07-177 (FLW), 2007 WL 2683636, at *4 (D.N.J. Sept. 7, 2007) (citing cases).

Francisco has the largest financial interest. During the class period, he purchased 1,425 shares, expended a net amount of $232,659.75, and suffered $30,638.33 in losses. Declaration of Eduard Korsinsky ("Korsinky Decl."), Ex. B, ECF No. 5-4. Kanefsky, however, purchased 1,400 shares, expended a net amount of $224,676.00, and suffered $26,402.00 in losses. Declaration of Jonathan D. Lindenfeld, Ex. C, ECF No. 6-3. Moreover, after reviewing Francisco's competing motion, Kanefsky replied that "[he] does not appear to have the largest financial interest in this action within the meaning of the PSLRA." Kanefsky Notice of Non-Opposition of David Kanefsky to Competing Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel 1, ECF No. 9.

To satisfy the requirements of Rule 23, a prospective lead plaintiff need only make an initial showing of typicality and adequacy. *In re Cendant Corp. Litig.*, 264 F.3d at 263. Typicality is established when "the claim arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if it is based on the same legal theory." *Baby Neal v. Casey*, 43 F.3d 48, 58 (3d Cir. 1994). Adequacy is met when the proposed lead plaintiff: (1) "has the ability and incentive to represent the claims of the class vigorously"; (2) "has obtained adequate counsel"; and (3) poses no conflict between his claims and the members of the class. *In re Cendant Corp. Litig.*, 264 F.3d at 265 (citations omitted).

Francisco meets the typicality and adequacy requirements of Rule 23. Francisco has expressed his willingness to serve as lead plaintiff and asserts that he shares the same claims and injuries as those of Kanefsky and the potential class. Specifically, Defendants' material misstatements or omissions misled him to purchase Honeywell securities at artificially inflated prices. And upon Defendants disclosing the statement or omission, Francisco suffered damages when Honeywell securities dropped in value. The Court also finds Francisco has retained adequate counsel because Levi & Korsinsky, LLP has relevant experience litigating securities class actions. Korsinsky Decl., Ex. D. Finally, there is no evidence of conflict between Francisco and the members of the class.

"[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). A court should defer to the properly-selected lead plaintiff's choice of counsel, intervening only when "necessary to protect the interests of the class." *In re Cendant Corp. Litig.*, 264 F.3d at 274. The Court finds no reason to disturb Francisco's choice and thus approves his selection of Levi & Korsinsky, LLP as lead counsel.

### IV. CONCLUSION

For the reasons just stated, the Court will **GRANT** Francisco's motion, ECF No. 5, and **DENY** Kanefsky's competing motion on the same, ECF No. 6. An appropriate order follows.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

**Dated: February 26, 2019**