# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID KANEFSKY, Individually and on Behalf of Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HONEYWELL INTERNATIONAL INC., DARIUS ADAMCZYK, and THOMAS A. SZLOSEK.,<br><br>Defendants. | 18-cv-15536<br><br>OPINION |

### WILLIAM J. MARTINI, U.S.D.J.:

This putative securities class action comes before the Court on three motions: (1) Wayne County Employees' Retirement System's ("WCRS") motion to substitute the court-appointed lead plaintiff, Charles Francisco, ECF No. 48; (2) Francisco's motion to approve of new lead counsel, ECF No. 57; and WCRS's motion for sanctions, ECF No. 67. For the reasons set forth below, WCRS's motions are **DENIED** and Francisco's motion is **GRANTED**.

## I. BACKGROUND

This putative securities class action arises out of Defendant Honeywell International Inc.'s purportedly false and misleading statements regarding asbestos-related liabilities. The case was initiated by David Kanefsky, a Honeywell investor. ECF No. 1. Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court entertained competing motions for appointment as lead plaintiff. ECF Nos. 5-6. On February 26, 2019, the Court appointed Plaintiff Charles Francisco as the lead plaintiff and class representative. Op., ECF No. 14. The Court also approved of Francisco's choice of counsel, naming Levi & Korsinsky, LLP ("L&K") as lead counsel. *Id.* at 3.

At some point between February and August 2019, Francisco and L&K's relationship broke down. The details are disputed, but the following facts are clear: Francisco and L&K were unable to finalize a fee arrangement. On April 23, 2019, Francisco sent an email to an L&K attorney which included the statement "I don't think there is any reason to continue." Apton Decl. Ex. B, ECF No. 67-4 ("April Email"). On May 13, 2019, L&K sent an email to Francisco noting that the firm had identified another shareholder and would "start the process of . . . having them appointed as a lead plaintiff." *Id.* Ex. C ("May Email"). On August 19, L&K sent another email noting its plan to file a "motion to formally substitute you out of the action as the lead plaintiff" and asking Francisco to "sign and return the attached declaration stating that you support the request." *Id.* Ex. D ("August Email"). Francisco did not reply to

1

the May or August emails, and the entirety of the April Email is redacted except the language quoted above.

The same day L&K sent the August Email, it filed the present motion to substitute WCRS as the lead Plaintiff. ECF No. 48 ("Plaintiff Substitution Motion"). On September 10, the law firm of Kahn Swick & Foti, LLC ("KS&F") filed an opposition on Francisco's behalf. ECF No. 55. With the opposition, KS&F submitted a declaration from Francisco noting that, contrary to L&K's representations, "[a]t no point did [he] agree to withdraw as Lead Plaintiff." ECF No. 55-2 ¶¶ 2-4 ("Francisco Declaration"). Instead, he was seeking new counsel due to his objection to L&K's proposed fee arrangement. *Id.*

Also on September 10, Francisco moved to substitute KS&F as lead counsel. ECF No. 57 ("Counsel Substitution Motion"). L&K opposed the motion on behalf of WCRS, ECF No. 64, and filed a motion for sanctions based on purportedly false representations in KS&F's briefs, ECF No. 67 ("Sanctions Motion"). The motions are now ripe for decision.

## II. DISCUSSION

### A. Plaintiff Substitution Motion

The Court will deny WCRS's motion to replace Francisco as the lead Plaintiff. The PSLRA establishes a procedure to appoint lead plaintiffs, and the Court duly appointed Francesco pursuant to that process. Op., ECF No. 14. WCRS did not file a timely motion for lead plaintiff status and L&K has not provided a sufficient basis for substitution.

Throughout its brief, L&K argues that "Francisco wishes to be relieved of the role of Lead Plaintiff" and he is "unable or unwilling to serve in that capacity." Pl. Subst. Mot. at 1, 3. But those assertions are completely belied by Francisco's sworn declaration, efforts to replace L&K, and opposition to the substitution motion. The three emails L&K cites do not justify a contrary result. First, Francisco's statement that "I don't think there is any reason to continue" is presented without any context. Not only does L&K fail to include the email Francisco was responding to, but the entire remainder of the email is redacted. *See* April Email. Given the disagreement over attorney's fees, Francisco was likely ending fee negotiations, not his entire involvement in the lawsuit. Further, Francisco's failure to respond to the May and August Emails, after fee negotiations faltered, is not a sufficient expression of his desire to be relieved as lead plaintiff. Indeed, during a conference call on July 29—after the April and May Emails—an L&K attorney told Magistrate Judge Mannion they were "still working through" whether WCRS would take "a more supervisory role or more important role later on in the action." Tr. at 5:15-19, ECF No. 43. Thus, at that point, it was not clear to L&K that Francisco needed to be replaced. As to the August Email, L&K moved to substitute Francisco the very same day it asked for his signature on a declaration endorsing the motion. Rather than being evidence of his intent not to continue litigating, the fact that Francisco never signed and returned the declaration indicates Francisco never wanted to be relieved as lead plaintiff. His signed declaration supports that conclusion. Accordingly, the motion to substitute WCRS as lead plaintiff, ECF No. 48, is **DENIED**.

2

## B. Counsel Substitution Motion

The Court will grant KS&F's motion to replace L&K as lead counsel. The Court's involvement "is appropriately limited to whether the lead plaintiff's selection and agreement with counsel are reasonable on their own terms." *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001). Courts consider the following non-exhaustive list of factors in deciding whether to approve of plaintiffs' choice of counsel:

> (1) the quantum of legal experience and sophistication possessed by the lead plaintiff; (2) the manner in which the lead plaintiff chose what law firms to consider; (3) the process by which the lead plaintiff selected its final choice; (4) the qualifications and experience of counsel selected by the lead plaintiff; and (5) the evidence that the retainer agreement negotiated by the lead plaintiff was (or was not) the product of serious negotiations between the lead plaintiff and the prospective lead counsel. . . .
>
> [T]he ultimate inquiry is always whether the lead plaintiff's choices were the result of a good faith selection and negotiation process and were arrived at via meaningful arms-length bargaining. Whenever it is shown that they were not, it is the court's obligation to disapprove the lead plaintiff's choices.

*Id.*

Here, the Court is confident that Francisco's selection of KS&F was the result of a good faith selection and negotiation process. *See id.* Indeed, Francisco's relationship with L&K ended due to his insistence on a favorable fee arrangement. He specifically sought out KS&F to ensure attorney's fees would eat up less of any eventual judgment or settlement. And KS&F is highly experienced and has previously represented classes in asbestos-reserve litigation. *See* Giblin Decl. & Exs., ECF No. 55-1. Nothing indicates the Court should intervene and disrupt Francisco's choice of counsel. Accordingly, the Court **GRANTS** Francisco and KS&F's motion to substitute lead counsel. ECF No. 57.[1]

## C. Motion for Sanctions

The Court will deny WCRS's motion for sanctions. The motion is based on KS&F's purportedly false statements of fact in its moving papers and supporting documents. Sanctions Mot. at 6-7. But the statements at issue are accurate, or, at worst, ambiguous.

L&K's motion complains about seven statements submitted by KS&F to the Court:

1. Contrary to the baseless assertion of [L&K], Mr. Francisco does not now "wish[] to be relieved of the role of Lead Plaintiff. . ." (ECF No. 55 at 1);
2. While Mr. Francisco worked to retain counsel, unbeknownst to him, L&K proceeded to file an unauthorized motion to replace him as Lead Plaintiff. (ECF No. 55 at 3);

---

[1] When the fee arrangement is finalized, KS&F **SHALL** submit a copy of the agreement to the Court with a short explanation for its review.

3

3. L&K's failure to explain Mr. Francisco's supposed change-of-heart, however, is easily explained: he had none. (ECF No. 55 at 7);
4. The fact that L&K filed the instant motion without Mr. Francisco's knowledge or authorization underscores this reality. (ECF No. 55 at 7);
5. And contrary to L&K's representations in their brief in support of their motion to substitute lead plaintiff... , Mr. Francisco does not now "wish[] to be relieved of the role of Lead Plaintiff." (ECF No. 57 at 2);
6. While Mr. Francisco worked to retain counsel, unbeknownst to him, L&K proceeded to file an unauthorized motion to replace him as Lead Plaintiff. (ECF No. 57 at 2); and
7. As I was performing due diligence and working to retain KSF, it came to my attention that, on August 19, 2019, L&K filed a motion to substitute lead plaintiff.... I did not review, authorized, or approve the filing of either the motion or the SAC. At no point did I agree to withdraw as Lead Plaintiff in this action or to allow another proposed Lead Plaintiff to replace me. (ECF No. 55-2 at ¶4.).

Sanctions Mot. at 6-7.

L&K point to the emails discussed above to demonstrate the falsity of the first and third statements. But as discussed above, those emails do not clearly express a desire to be relieved as lead Plaintiff. According to the only clear evidence of Francisco's intent, he never sought to be removed from the case. *See* Francesco Decl. Therefore, the first and third statements do not provide a basis to sanction KS&F.

As to the second and fourth statements—which deny knowledge and approval of L&K's attempt to substitute Francisco—L&K point to the May and August emails to which Francisco never replied. Those emails do warn Francisco of L&K's *plan* to add WCRS and formally substitute him. *See* May and August Emails. However, they do not clearly contradict KS&F's briefing. The second statement above notes Francisco was unaware L&K "proceeded to file" the motion to substitute. This is perfectly believable, as Francisco never responded to L&K's request for his approval of such a motion. *See* August Email ("Would you please sign and return the attached declaration stating that you support the request?"). So to for the fourth statement, which similarly denies Francisco knew and approved of L&K *filing* the motion. While L&K notified Plaintiff they *planned* on filing the motion, it was perfectly reasonable for Plaintiff to assume they would not do so without his approval. *See id.* At the very least, it was reasonable for Plaintiff to assume L&K would provide additional notice if it did not receive the requested declaration. *See id.*

The other statements L&K complains of echo the content of the first four discussed above. But as noted, the evidence cited by L&K does not actually contradict the language KS&F submitted to the Court. L&K also argues "[t]he above excerpts provide just a few examples from a larger cache of communications between Mr. Francisco and Levi & Korsinsky. When viewed in their entirety, they show that Mr. Francisco firmly decided that he was not interested in continuing to serve as the Lead Plaintiff and that [L&K] made him aware that he would be replaced by another shareholder." Sanctions Mot. at 8. But the Court

4

will not grant a motion for sanctions based on a "larger cache of communications" not presented for consideration. Accordingly, L&K's motion for sanctions, ECF No. 67, is **DENIED**.

III.   **CONCLUSION**

For the reasons set forth above, the Wayne County Employees' Retirement System's motions to (1) substitute the duly appointed lead plaintiff, ECF No. 48, and (2) sanction Kahn Swick & Foti, LLC, ECF No. 67, are **DENIED**. Plaintiff Charles Francisco's motion to substitute Kahn Swick & Foti, LLC as lead counsel, ECF No. 57, is **GRANTED**. An appropriate order follows.

Date: December 17, 2019

WILLIAM J. MARTINI, U.S.D.J.