UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID KANEFSKY, Individually and on Behalf of Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HONEYWELL INTERNATIONAL INC., DARIUS ADAMCZYK, and THOMAS A. SZLOSEK.,<br><br>Defendants. | 18-cv-15536<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

This putative securities class action arises out of Defendant Honeywell International Inc.'s purportedly false and misleading statements regarding asbestos-related liabilities. The matter comes before the Court on Wayne County Employees' Retirement System's ("WCRS") motion for reconsideration, ECF No. 81, of the Court's December 16, 2019 Opinion and Order, ECF Nos. 75-76. For the reasons set forth below, the motion is **DENIED** and WCRS is **DISMISSED** from this suit.

## I. BACKGROUND

The relevant facts of this case are set forth in the Court's December 16, 2019 Opinion ("December Opinion"), ECF No. 75, familiarity with which is assumed. As relevant here, on August 19, 2019, attorneys from Levi & Korsinsky, LLP ("L&K") moved to substitute WCRS as the lead Plaintiff in this action, hoping to replace Plaintiff Charles Francisco. ECF No. 48. L&K previously represented Mr. Francisco and had successfully moved for him to be appointed as lead Plaintiff. ECF Nos. 5, 13-14. On September 10, 2019, the law firm of Kahn Swick & Foti, LLC ("KS&F") filed an opposition on Mr. Francisco's behalf. ECF No. 55. With the opposition, KS&F submitted a declaration from Mr. Francisco noting that, contrary to L&K's representations, "[a]t no point did [he] agree to withdraw as Lead Plaintiff." ECF No. 55-2 ¶¶ 2-4. Instead, he was seeking new counsel due to his objection to L&K's proposed fee arrangement. *Id.*

The Court denied WCRS's motion to replace Mr. Francisco and granted KS&F's cross motion, ECF No. 57, to replace L&K as class counsel. *See* December Opinion at 2-3. In doing so, the Court analyzed three emails L&K submitted as evidence of Mr. Francisco's unwillingness to serve as lead Plaintiff, finding:

> First, Francisco's statement that "I don't think there is any reason to continue" is presented without any context. Not only does L&K fail to include the email Francisco was responding to, but the entire remainder of the email is redacted.

1

> Given the disagreement over attorney's fees, Francisco was likely ending fee negotiations, not his entire involvement in the lawsuit. Further, Francisco's failure to respond to the May and August Emails, after fee negotiations faltered, is not a sufficient expression of his desire to be relieved as lead plaintiff. . . [T]he fact that Francisco never signed and returned [L&K's proposed] declaration indicates Francisco never wanted to be relieved as lead plaintiff. His signed [and submitted] declaration supports that conclusion.

December Opinion at 2 (citations omitted).

## II. DISCUSSION

WCRS now moves for reconsideration, arguing the Court had an erroneous understanding of the facts in light of the redacted version of emails it previously considered. Mot. at 2. WCRS now submits unredacted copies of its communications with Mr. Francisco for the Court's consideration, without supplying a copy to KS&F.

### A. The Emails Are Privileged

L&K previously "provided a redacted version of its email correspondence with Mr. Francisco out of a concern over revealing attorney-client communications." Mot. at 1. L&K now submits unredacted versions of those communications without any analysis of how the aforementioned concerns no longer apply.

The attorney-client "privilege belongs to the client, and only the client may waive it." *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 90 (3d Cir. 1992), *as amended* (Sept. 17, 1992). The privilege applies to (1) communications by a client (2) to a member of the bar (3) that "relate to a fact of which the attorney was informed by his client, without the presence of strangers, for the purpose of securing primarily either an opinion on law or legal services or assistance in some legal proceeding . . . ." *George v. Siemens Indus. Automation, Inc.*, 182 F.R.D. 134, 139 (D.N.J. 1998) (citing *In re Grand Jury Investigation*, 599 F.2d 1224, 1235 (3d Cir.1979)).

Here, the privilege applies because the communications at issue relate to facts L&K's attorneys were informed of for the purpose of securing legal services or assistance in this proceeding. *See id.* There can be no reasonable dispute that Mr. Francisco only sent the communication because of this lawsuit (i.e., communicated for the purposes of receiving assistance in a legal proceeding), that Mr. Francisco was a client or potential client (at least for the purposes of gaining lead-plaintiff status), and that L&K attorneys are members of the bar. Further, the communications undeniably relate to facts Mr. Francisco told L&K for the purpose of receiving legal services (e.g., stock positions and his view of the suit). *See* Francisco_54. Accordingly, the attorney-client privilege applies.

L&K failed to provide any analysis of potential waiver. Instead, after losing last round of motions, its concerns for the attorney-client privilege simply dissipated.[1] As the Court

---

[1] Even more troubling, in arguing for reconsideration, L&K misquotes both the communication at issue and the December Opinion. *Compare* Mot. at 2 ("Mr. Francisco said that he '[didn't] think there [was] any reason to continue the litigation'" (purportedly quoting December Op. at 1)) *with*

2

cannot reconsider the December Opinion based on privileged communications, the Motion is **DENIED**.

### B. The Unredacted Emails Do Not Warrant Reconsideration

Even if the Court were to consider the communications at issue, the only evidence L&K points to is the April 23, 2019 Email ("April Email") discussed in the December Opinion. *See* Francisco_54. While the Court's assumptions regarding the redacted portions of the April Email were not entirely accurate, the single statement cited by L&K indicating Mr. Francisco wanted to end his involvement in this suit was based on a mistaken view of the law. *See id.* In fact, L&K's reply explicitly corrected Mr. Francisco's understanding, which was the primary reason for his request not to continue litigating. *Id.* Somewhat disturbingly, L&K still moved to replace Mr. Francisco without receiving his approval.

The Court will not overturn the statutorily mandated plaintiff selection process based on a single statement made during contentious fee negotiations, grounded in a misunderstanding of law and articulated by a lay client before receiving the advice of counsel. Mr. Francisco's strenuous opposition to L&K's motions indicate that he has every intention of serving as a responsible class representative.[2] For this alternative reason, the motion is **DENIED**.

### III. POTENTIAL INDIVIDUAL CLAIMS BY WCRS

In its December 16, 2019 Order, the Court required WCRS to "notify the Court if it intends to continue litigating this case on an individual basis." ECF No. 76. WCRS failed to do so. Accordingly, WCRS is **DISMISSED** from this suit. Of course, WCRS may seek to opt-out of the class at the appropriate juncture.

### IV. CONCLUSION

For the reasons set forth above, WCRS's motion for reconsideration, ECF No. 81, is **DENIED** and WCRS is **DISMISSED** from this suit. An appropriate order follows.

|  |  |
|---|---|
| Date: February 19, 2020 | */s/ William J. Martini*<br>**WILLIAM J. MARTINI, U.S.D.J.** |

---

December Op. at 1 ("Francisco sent an email to an L&K attorney which included the statement 'I don't think there is any reason to continue.'").

[2] L&K also argues that "the class will confront significant difficulty at the class certification phase of the litigation" if Mr. Francisco is not replaced but fails to identify any manner in which Mr. Francisco actually puts the class's interests at risk. Mot. at 2. Once again, a temporary desire not to continue litigating—based on a mistaken view of the law held before receiving his attorneys' response—does not sufficiently evidence that Mr. Francisco will not adequately protect the class's interest.