UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAVID KANEFSKY, Individually and on Behalf of Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**HONEYWELL INTERNATIONAL INC., DARIUS ADAMCZYK, and THOMAS A. SZLOSEK,**<br><br>**Defendants.** | 18-cv-15536<br><br>**ORDER** |

**WILLIAM J. MARTINI, U.S.D.J.:**

      This matter comes before the Court on the Lead Plaintiff Charles Francisco ("Francisco") and Defendants Honeywell International Inc. ("Honeywell"), Darius Adamcyzk, and Thomas Szlosek's (collectively, "Defendants") joint letter. ECF No. 122 ("Joint Letter"). Also before the Court is Wayne County Employees' Retirement System ("WCERS") letter seeking leave to file a motion to intervene. ECF No. 125 ("WCERS Letter").

      On May 18, 2020, the Court ordered Francisco and Defendants to "meet and confer to determine whether they can resolve foreseeable class representation issues before they cause a delay." ECF No. 107. Unfortunately, the parties could not agree on a plan of action. Francisco proposes adding "an additional named plaintiff who purchased a substantial number of Honeywell shares during the Class Period and prior to the first corrective disclosure. Then, at the Rule 23 stage, Lead Plaintiff and the additional named plaintiff will move the Court for appointment as class representatives." *See* Joint Letter at 1. Defendants argue "the Court should address the acknowledged inadequacy of Francisco as Lead Plaintiff by reopening the lead plaintiff process provided for in the [Private Securities Litigation Reform Act ('PSLRA')]." *Id.* at 4. The Court also received a letter from WCERS, seeking to file a motion to intervene as co-lead Plaintiff. *See* WCERS Letter. Francisco's counsel then submitted a letter proposing to add Iron Workers Local 580 Joint Funds ("Iron Workers") as the additional plaintiff.

      Considering the existing Parties' disagreements, WCERS and Iron Workers's competing desires to join Francisco as co-lead plaintiff, and to protect the interests of unrepresented class members, the most prudent approach is to reopen the PSLRA's lead plaintiff selection process to supplement Francisco. *See* 15 U.S.C. § 78u-4(a)(3) (dictating procedure); *see also Smith v. Antares Pharma, Inc.*, 2018 WL 3611067, at *4 (D.N.J. July 27, 2018) ("the decision reached here regarding appointment of lead plaintiff and lead counsel may be re-opened" (citation omitted)); *In re Herley Indus. Inc.*, 2010 WL 176869,

at *2 n.2 (E.D. Pa. Jan. 15, 2010) ("Courts retain inherent power to reconsider the appointment of a lead plaintiff during the course of a securities class action because it is the Court's continuing duty to ensure the lead plaintiff is competent to represent the class."). With Defendants' consent, the Court will utilize an expedited schedule. *See* Joint Letter at 4 n.5

Accordingly, **IT IS** on this 21st day of July 2020, **ORDERED** as follows:

- Within 14 days of the date of this order, Francisco **SHALL** cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class:

    I. of the pendency of the action, the claims asserted therein, and the purported class period; and

    II. that, not later than 45 days after the date on which the notice is published, any member of the purported class may move the court to serve as *co*-lead plaintiff of the purported class;

- WCERS request for leave to file a motion to intervene, ECF No. 125, is **DENIED**, though WCERS **MAY** move for appointment as part of the above-described selection process; and

- This order **SHALL NOT** disrupt ongoing discovery.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**