UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAVID KANEFSKY, Individually and on Behalf of Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**HONEYWELL INTERNATIONAL INC., DARIUS ADAMCZYK, and THOMAS A. SZLOSEK,**<br><br>**Defendants.** | 18-cv-15536<br><br>**OPINION** |

### WILLIAM J. MARTINI, U.S.D.J.:

This putative securities class action arises out of Defendant Honeywell International Inc.'s ("Defendant") purportedly false and misleading statements regarding asbestos-related liabilities. The matter comes before the Court upon the motion of Iron Workers Local 580 – Joint Funds ("Iron Workers") to serve as co-lead plaintiff and appoint co-lead counsel. ECF No. 136. For the reasons set forth below, Iron Workers' motion is **GRANTED**.

### I.   BACKGROUND

The facts and procedural history of this case were set forth the Court's May 18, 2020 opinion denying Defendant's motion to dismiss the amended complaint and July 21, 2020 Order reopening the Private Securities Litigation Reform Act ("PSLRA") lead-plaintiff selection process, respectively, familiarity with which is assumed. *See* ECF Nos. 106, 128.

In its July 21, 2020 Order, the Court directed Lead Plaintiff Charles Francisco ("Lead Plaintiff") to "publish[], in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class . . . of the pendency of the action, the claims asserted therein, and the purported class period." July 21, 2020 Order at 2. The Court further ordered that any member of the purported class may move the Court to serve as co-lead plaintiff in this case within forty-five (45) days of publication of the required notice. *Id.* Pursuant to, and on the same day as, the July 21, 2020 Order, Lead Plaintiff published a press release through PRNewswire notifying all persons who acquired Defendant's securities during the Class Period about the nature of this case, the opportunity to serve as co-lead plaintiff, and the deadline by which to so move before the Court. Silverman Decl., Ex. B, ECF No. 136-2.

Iron Workers was the only class member to seek appointment as co-lead plaintiff.[1] Iron Workers is an institutional investor that purchased a substantial number of shares of Defendant within the Class Period. Specifically, Iron Workers purchased 26,619 shares of Defendant's stock during the Class Period, with all but 3,000 of such shares purchased prior to Defendant's first corrective disclosure on August 23, 2018.[2] *See* Silverman Decl., Ex. A. In connection with its purchase of Defendant's securities, Iron Workers spent approximately $4.08 million and suffered losses of approximately $338,000. *Id.* No opposition to Iron Workers' motion was filed with the Court, and the Court is not aware of any formal or informal objections thereto. Indeed, Iron Workers' motion is supported by Lead Plaintiff. *See* ECF No. 138.

## II. DISCUSSION

The PSLRA requires the Court to appoint as lead plaintiff the member or members of the class the Court determines to be "most capable of adequately representing the interests of class members," referred to as the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). The Court must adopt a rebuttable presumption that the "most adequate plaintiff" "is the person or group of persons" who: (1) "has either filed the complaint or made a [timely] motion" to be appointed lead plaintiff"; (2) upon a court's finding, "has the largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* § 78u-4(a)(3)(B)(iii)(I)(aa)–(cc). This presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff" either: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa)–(bb).

### A. Timeliness of Iron Workers' Motion

Pursuant to the July 21, 2020 Order, motions by members of the purported class seeking to serve as co-lead plaintiff were required to be filed with the Court no later than forty-five (45) days after the publication of the requisite notice by Lead Plaintiff. Because the notice was published on July 21, 2020, all motions for appointment as co-lead plaintiff were due no later than September 4, 2020. Iron Workers filed their motion on September 4, 2020. Therefore, the motion is timely.

---

[1] Prior to the Court's July 21, 2020 Order, Wayne County Employees' Retirement System ("WCERS"), which had previously been dismissed from this case after its motion to substitute itself as lead plaintiff in this case was denied, sought leave to intervene as a co-lead plaintiff. *See* ECF No. 125. The Court denied WCERS motion in the July 21, 2020 Order, but permitted WCERS to move for appointment as co-lead plaintiff as part of the reopened PSLRA lead-plaintiff selection process. July 21, 2020 Order at 2. WCERS failed to so move.

[2] Iron Workers had retained 26,229 shares of Defendant at the end of the Class Period. *See* Silverman Decl., Ex. A.

### B.     Largest Financial Interest

The Court finds that Iron Workers has the largest financial interest among members of the plaintiff class. In determining which putative class member has the largest financial interest, the Court considers (1) the number of shares purchased during the Class Period; (2) the total net funds expended during the Class Period; and (3) the approximate losses suffered. *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) (citations omitted). Of these considerations, the third factor relating to the losses suffered by the movant is typically afforded the greatest weight. *Turnofsky v. Electrocore, Inc.*, No. 19-18400, 2020 WL 1969913, at *2 (D.N.J. Apr. 24, 2020).

Here, Iron Workers (1) purchased 26,619 shares of Defendant's stock, including 23,619 shares prior to the first corrective disclosure on August 23, 2018; (2) expended $4,080,290 on its purchases of Defendant's stock; and (3) suffered losses of $338,434. Silverman Decl., Ex. A. To the best of the Court's knowledge, each of these figures represents a larger financial interest in this case than any other member of the putative class, including Lead Plaintiff. Accordingly, the Court concludes that Iron Workers has the largest financial interest in this case.

### C.     Rule 23 Requirements

The Court also finds that Iron Workers satisfies the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure. At this stage of the litigation, Iron Workers need only make a *prima facie* showing that it satisfies the typicality and adequacy requirements of Rule 23(a)(3) and 23(a)(4), respectively. *See Turnofsky*, 2020 WL 1969913, at *4. Typicality is established when "the claim arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if it is based on the same legal theory." *Baby Neal v. Casey*, 43 F.3d 48, 58 (3d Cir. 1994). Adequacy is met when the proposed lead plaintiff: (1) "has the ability and incentive to represent the claims of the class vigorously"; (2) "has obtained adequate counsel"; and (3) poses no conflict between his claims and the members of the class. *In re Cendant Corp. Litig.*, 264 F.3d at 265 (citations omitted).

With respect to typicality, Iron Workers, like other members of the putative class, alleges that it purchased shares of Defendant's stock during the Class Period at prices that were artificially inflated as a result of Defendant's misrepresentations and omissions regarding its asbestos liability, and that it was damaged as a result of the drop in value of such securities upon the eventual disclosure of the misleading statements or omissions. Thus, Iron Workers' claims against Defendant are typical of those of the broader putative class.

With respect to adequacy of representation, Iron Workers has expressed its willingness to vigorously represent the interests of the putative class. Iron Workers is a sophisticated institutional investor with significant experience serving as a representative party in class actions brought under the federal securities laws. *Rubenstahl v. Philip Morris Int'l, Inc.*, NO. 17-13504 (ES) (MAH), 2019 WL 585429, at *1 (D.N.J. Feb. 13, 2019); *see*

3

*also* Certification Pursuant to Federal Securities Laws ¶¶ 4-7, ECF No. 126-1. There is no evidence of any conflict or potential conflict between Iron Workers' claims or interests and those of any other member of the putative class, and Lead Plaintiff has consented to Iron Workers' appointment as co-lead plaintiff. Finally, Iron Workers has retained sophisticated, experienced counsel that has successfully served as lead counsel in securities class actions such as this case. *See* Silverman Decl., Ex. C.

No other interested party has opposed Iron Workers' appointment as co-lead plaintiff or otherwise rebutted the presumption that Iron Workers is the most adequate plaintiff. Accordingly, the Court concludes that Iron Workers' is the most appropriate plaintiff to serve as co-lead plaintiff in this case.

### D. Approval of Co-Lead Counsel

As part of its motion, Iron Workers also asks this Court to approve its selection of Pomerantz LLP ("Pomerantz") as co-lead counsel. A court should defer to the properly-selected lead plaintiff's choice of counsel, intervening only when "necessary to protect the interests of the class." *In re Cendant Corp. Litig.*, 264 F.3d at 274. As noted above, Pomerantz has substantial experience litigating class actions brought under the federal securities laws. The Court therefore will defer to Iron Workers' selection of Pomerantz and will approve Pomerantz as co-lead counsel.

### III. CONCLUSION

For the reasons set forth above, Iron Workers' motion for appointment as co-lead plaintiff and for approval of Pomerantz as co-lead counsel is **GRANTED**. An appropriate order follows.

                                                 */s/ William J. Martini*
                                                 **WILLIAM J. MARTINI, U.S.D.J.**

**Date: December 3, 2020**