**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAVID KANEFSKY, Individually and On Behalf of All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) | No. 2:18-cv-15536-WJM-JSA |
| ) | |
| v. ) | |
| ) | |
| HONEYWELL INTERNATIONAL INC., et al. ) | |
| ) | |
| Defendants. ) ) | |

**STIPULATION OF SETTLEMENT**

This Stipulation of Settlement (including the Exhibits) (collectively, the "Stipulation") is entered into this 7th day of December, 2021 between Co-Lead Plaintiffs Charles M. Francisco, III and Iron Workers Local 580 – Joint Funds ("Plaintiffs") (on behalf of themselves and each of the putative Class Members), and Honeywell International Inc. ("Honeywell" or the "Company"), Darius Adamczyk, and Thomas A. Szlosek. This Stipulation is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined below) upon and subject to the terms and conditions herein.

WHEREAS, the first complaint in this Action was filed on October 13, 2018 (ECF No. 1);

WHEREAS, on February 6, 2019, the Court appointed Mr. Francisco lead plaintiff (ECF Nos. 13-14) and on September 10, 2019, Mr. Francisco moved to substitute his former counsel with Kahn, Swick & Foti LLP as lead counsel and DeCotiis, Fitzpatrick, Cole & Giblin, LLP as local counsel (ECF No. 57);

WHEREAS, on December 16, 2019, the Court granted Mr. Francisco's motion to substitute counsel, and granted leave for Mr. Francisco to amend his complaint (ECF Nos. 75-76. Mr. Francisco filed his amended complaint (the "Complaint") (ECF No. 80);

WHEREAS, Defendants moved to dismiss the Complaint, which the Court denied on May 18, 2020 (ECF Nos. 106-07), noting that the timing of Mr. Francisco's purchases may be problematic "at the class certification stage." (ECF No. 106 at 4 n.4);

WHEREAS, to address the timing issue a notice was published soliciting prospective co-lead plaintiffs who had purchased prior to the first disclosure, and pursuant to that notice Iron Workers moved to be appointed as co-lead plaintiff (ECF No. 136), which the Court granted, appointing Iron Workers as co-lead plaintiff and its counsel, Pomerantz LLP, co-lead counsel (ECF No. 147);

WHEREAS, pursuant to procedures directed by the Court, Plaintiffs prepared and served a motion for class certification, which was not fully briefed at the time of this Settlement; and

WHEREAS, the Parties have agreed to enter into this Stipulation solely to avoid the uncertainties, burden and expense of further litigation and to put the Released Claims to rest finally and forever. Nothing in this Stipulation shall be construed as or deemed evidence supporting an admission by either Defendants or any of the Released Parties with respect to any of Plaintiffs' allegations or claims, or of any wrongdoing, fault, liability or damages whatsoever.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED between Plaintiffs and Defendants, by and through their undersigned counsel, that the Action and the Released Claims shall be settled, compromised, and dismissed with prejudice, subject to the approval of the Court, in the manner and upon the terms and conditions hereafter set forth.

## I.     DEFINITIONS

As used in the Stipulation, the following terms have the meanings specified below:

<em>The Parties</em>

1.1     "Co-Lead Counsel" means KSF and Pomerantz.

1.2     "Co-Lead Plaintiffs" means Charles M. Francisco, III and Iron Workers Local 580 – Joint Funds, who were appointed as Lead Plaintiffs by orders of the Court dated February 26, 2019 (ECF No. 14), and December 3, 2020 (ECF No. 147), respectively;

1.3     "Company" or "Honeywell" means Honeywell International Inc. and its predecessors and successors;

1.4     "Defendants" means Honeywell, Darius Adamczyk, and Thomas A. Szlosek;

1.5     "Individual Defendants" means Darius Adamczyk and Thomas A. Szlosek;

1.6     "KSF" means Kahn Swick & Foti, LLC and its predecessors and successors;

2

1.7     "Local Counsel" means Decotiis, FitzPatrick, Cole & Giblin, LLP and its predecessors and successors;

1.8     "Parties" means Co-Lead Plaintiffs (on behalf of themselves and the Class Members), Honeywell, and the Individual Defendants;

1.9     "Plaintiffs" means Co-Lead Plaintiffs;

1.10    "Plaintiffs' Counsel" means KSF and Pomerantz;

1.11    "Pomerantz" means Pomerantz LLP and its predecessors and successors.

*Additional Defined Terms*

1.12    "Action" means the above-captioned case;

1.13    "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation;

1.14    "Claimant" means any Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe;

1.15    "Claims Administrator" means Epiq Class Action and Claims Solutions, Inc., the independent claims administrator selected by Co-Lead Counsel and approved by the Court, who shall supervise and administer the notice procedure as well as the processing of claims as set forth more fully below;

1.16    "Claim Form" shall have the meaning set forth in ¶ 3.1 of this Stipulation;

1.17    "Class" means, for the purposes of settlement only: All those who purchased or otherwise acquired the common stock of Honeywell International Inc. during the period from February 9, 2018, through and including October 19, 2018 (the "Class Period"), and were damaged thereby, excluding Defendants, officers, and directors of Honeywell, members of their

immediate families and their legal representative, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

1.18    "Class Member" means a Person who falls within the definition of the Class;

1.19    "Class Notice and Administration Fund" shall have the meaning set forth in ¶ 2.10 of this Stipulation;

1.20    "Class Period" means, for the purposes of settlement only, the period of time between February 9, 2018 through October 19, 2018, inclusive;

1.21    "Contribution Claims" means all statutory or common law claims, rights, demands, suits, matters, issues, or causes of action by any Person against Honeywell, or by Honeywell against any Person other than any Individual Defendant or other Person whose liability will be extinguished by this Settlement, arising under federal, state, local, foreign, or any other law, rule, or regulation, however styled, whether for indemnification, contribution, claims over, or otherwise, that are based upon, arise out of, or are related to Released Claims;

1.22    "Court" means the United States District Court for the District of New Jersey;

1.23    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 7.1 of the Stipulation have occurred;

1.24    "Escrow Account" means an interest-bearing account maintained by the Escrow Agent;

1.25    "Escrow Agent" means KSF;

1.26    "Exhibits" means all of the exhibits to this Stipulation, including Exhibit A, Exhibit A-1, Exhibit A-2, Exhibit A-3, Exhibit B, and Exhibit C;

1.27    "Fee and Expense Application" shall have the meaning set forth in ¶ 6.1 of this Stipulation;

1.28    "Fee and Expense Award" shall have the meaning set forth in ¶ 5.2 of this Stipulation;

1.29    "Final" means when the last of the following with respect to the Judgment shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Judgment has passed (including to the extent that the time to appeal has been extended in a manner provided for in the Federal Rules of Civil Procedure) without any appeal having been taken, unless the date to take such an appeal shall have been extended by Court order; (iii) if a motion to alter or amend the Judgment is timely filed, the motion is denied; and (iv) if an appeal is taken, either (a) the appeal has been dismissed and the time, if any, for commencing any further appeal has expired, or (b) the Judgment has been affirmed in its entirety and the time, if any, for commencing any further appeal has expired. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement but shall not include any appeal that concerns only the issue of attorneys' fees and reimbursement of costs or payments to Co-Lead Plaintiffs or the Plan of Allocation;

1.30    "Final Approval Hearing" or "Settlement Hearing" shall have the meaning set forth in ¶ 3.2 of this Stipulation;

1.31    "Judgment" means the final order and judgment approving the Settlement and dismissing the Action with prejudice, to be entered by the Court substantially in the form attached hereto as Exhibit B;

1.32    "Net Settlement Fund" means the balance of the Settlement Fund after payment of items (a) through (d) of ¶ 5.2 of this Stipulation;

1.33    "Notice" shall have the meaning set forth in ¶ 3.1 of this Stipulation;

1.34    "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government, or any political subdivision or agency thereof, and any entity, including any business or legal entity, and, as to each of the foregoing, their spouses, heirs, predecessors, successors, representatives, or assignees;

1.35    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund, to be proposed by Co-Lead Counsel and approved by the Court, whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of the items set forth in ¶ 5.2(a)-(d) herein;

1.36    "Preliminary Approval Order" means the preliminary order issued by the Court for emailing, mailing, and publication as defined in ¶ 3.1 herein and substantially in the form of Exhibit A hereto;

1.37    "Released Claims" means all claims (including but not limited to Unknown Claims), demands, losses, rights, liabilities, suits, debts, obligations, damages, judgments, matters, issues, and causes of action of any nature and description whatsoever, in law, equity, or otherwise, whether accrued or unaccrued, fixed or contingent, liquidated or unliquidated, direct or indirect, known or unknown, whether arising under federal, state, local, statutory, common law, foreign law. or any other law, rule, or regulation, whether class and/or individual in nature that have been or could have been asserted in the Action or could in the future be asserted in any forum, whether foreign or domestic, by Plaintiffs, any member of the Class, or their successors, assigns, executors, administrators, representatives, attorneys and agents, whether brought directly, indirectly, or derivatively against any of the Released Defendants' Parties, which arise out of, are based on, or

relate in any way to, directly or indirectly, any of the allegations, acts, transactions, facts, events, matters, occurrences, disclosures, statements, filings, events, representations, or omissions involved, set forth, alleged or referred to in the Action, or which could have been alleged in the Action, including but not limited to the allegations, transactions, facts, matters. occurrences, disclosures, statements, filings, representations, events, or omissions that Plaintiffs or any other Class Member asserted in the Complaint, and which arise out of, are based upon, or relate in any way, directly or indirectly, to the purchase, acquisition, transfer, holding, ownership, disposition or sale of Honeywell common stock, by any members of the Class during the Class Period, and/or any disclosures, public filings, registration statements, or other Class Period statements by Honeywell or any Defendant based upon or arising out of any facts, matters, allegations, transactions, events, disclosures, statements, acts or omissions that were asserted or could have been asserted in this Action or in any other action or forum, whether arising under federal, state, common or foreign law. The "Released Claims" shall not include releases of any purported derivative claims asserted in the action captioned *In re Honeywell International Inc. Consolidated Stockholder Litigation*, C.A. No. 19-cv-00898-CFC pending in the United States District Court for the District of Delaware, or any related action that was filed on or before November 11, 2021. For the avoidance of doubt, "Released Claims" does not include claims to enforce the Settlement.

1.38    "Released Defendants' Claims" means all claims (including but not limited to Unknown Claims), demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have been asserted in the Action by the Released Defendants' Parties or any of them against any of the Released Plaintiffs' Parties, which arise out of or relate in any way to the institution, prosecution, assertion, settlement or resolution of the Action (except for claims to enforce the Settlement).

1.39    "Released Defendants' Parties" means each and all of the Defendants, each of their respective spouses and immediate family members (for individuals) and past, present and future direct and indirect parent entities, parent corporations, sister corporations, subsidiaries, related entities and affiliates, and, as applicable, their respective past and present general partners, limited partners, principals, shareholders, investors (however denominated), joint ventures, members, officers, directors, managers, managing directors, supervisors, employees, contractors, servants, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, reinsurers, receivers, trustees, trustors, agents, attorneys, legal representatives, professionals, predecessors, successors, assigns, assignors, legatees, devisees, estates, settlors, beneficiaries, heirs, executors, successors-in-interest, administrators, and any controlling person thereof.

1.40    "Released Plaintiffs' Parties" means each and all of the Plaintiffs and members of the Class, and, as applicable, their respective family members, and their respective past, present and future general partners, limited partners, principals, shareholders, investors (however denominated), joint ventures, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof.

1.41    "Settlement" means the settlement embodied in this Stipulation;

1.42    "Settlement Amount" means the sum of Ten Million Dollars ($10,000,000) in cash;

1.43    "Settlement Fund" means the Settlement Amount, deposited, or to be deposited into the Escrow Account, pursuant to ¶ 2.2 of this Stipulation, plus all interest earned thereon pursuant to ¶¶ 2.2, 2.3, and 2.6 of this Stipulation;

1.44    "Stipulation" shall have the meaning set forth in the introductory paragraph of this document;

1.45    "Summary Notice" shall have the meaning set forth in ¶ 3.1 of this Stipulation;

1.46    "Term Sheet" shall mean the settlement term sheet that was executed on November 11, 2021 between the Released Defendants' Parties and the Released Plaintiffs' Parties and filed with the Court on November 16, 2021.

1.47    "Unknown Claims" means any and all claims, demands, rights, liabilities, and causes of action of every nature and description which Plaintiffs, members of the Class, or any Defendant does not know or suspect to exist in his, her or its favor at the time of their release of the Released Claims or the Released Defendants' Claims, and including, without limitation, those which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the settlement or the releases.

## II. The Settlement

### a.    The Settlement Class

2.1    The Parties stipulate, for purposes of this Stipulation and the Settlement only, to the certification of the Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure. If for any reason (including the exercise of a right to terminate under the Stipulation) Final Approval of the Settlement is not granted, then the certification of the Class shall become null and void without further order of the Court or any other court and the Released Defendants' Parties shall retain all of the rights to oppose class certification (and assert all other arguments and defenses) that they had prior to execution of this Stipulation.

### b.    The Settlement Fund

2.2    Defendants shall cause to be paid the Settlement Amount within the time set forth in ¶ 2.3 of this Stipulation, below, into the Escrow Account in settlement of the Action and the Released Claims which, with any accrued interest, shall constitute the Settlement Fund. Other than the sole and exclusive obligation of Defendants to cause to be paid the Settlement Amount to the Escrow Agent, neither Honeywell nor any other Defendant shall have any obligation to make any payment into the Settlement Fund pursuant to this Stipulation or the Settlement.

2.3    Subject to the terms of this Stipulation, Defendants shall cause to be paid $1,000,000 into the Escrow Account within twenty (20) business days following the later of (i) the Preliminary Approval Order, or (ii) Co-Lead Counsel's provision of all required funding information, including without limitation wire instructions, verbal confirmation of such instructions, and a Form W-9 with a tax identification number. Defendants shall cause the Escrow Account to be funded with the remaining $9,000,000 no later than twenty (20) business days thereafter. The interest from this Escrow Account will accrue to the benefit of the Class if the Court approves the Settlement. But, if the Court does not grant final approval of the Settlement, the interest and payment will be returned to Defendants less any amounts actually expended for Notice and administration, within ten (10) business days. If the Settlement Amount is not timely paid by Defendants in accordance with the provisions of this paragraph (and provided that Co-Lead Counsel has timely provided the wire instructions and taxpayer identification detailed above), Plaintiffs may require interest to be paid by Defendants on any amounts past due at the published three-month LIBOR rate per annum on such dates, from the date the past due amount should have been paid until the past due amount is paid.

2.4     This is not a claims-made settlement. Defendants will have no ability to recapture any of the Settlement Amount unless the Settlement is terminated or does not become effective as set forth in Section 7 of this Stipulation.

2.5     The Released Defendants' Parties shall have no responsibility for or incur any liability with respect to the management, investment, or distribution of the Settlement Fund or Net Settlement Fund or for any losses suffered by, or fluctuations in the value of, the Settlement Fund or Net Settlement Fund.

### c.     The Escrow Agent

2.6     The Escrow Agent shall invest the Settlement Fund, or any portion thereof, in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or its agencies and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.

2.7     The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation or by Court order. Upon Final Approval of the Settlement and completion of the claims processing, the Escrow Agent shall distribute the Net Settlement Fund (as defined below) in accordance with the Court-approved Plan of Allocation without further order of the Court.

2.8     Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute transactions on behalf of the Class Members that are consistent with the terms of the Stipulation.

2.9     All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.10     After payment of the Settlement Fund to the Escrow Agent, Co-Lead Counsel may establish a "Class Notice and Administration Fund" of up to $250,000 from the Settlement Fund.

No further disbursements shall be made from the Settlement Fund, except with the approval of the Court. The Class Notice and Administration Fund may be used by Co-Lead Counsel, without prior approval of the Court, only to pay the Claims Administrator for costs and expenses reasonably and actually incurred in connection with providing notice to the Class (including any reimbursement of banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficiaries who are Class Members, which expenses would not have been incurred except for the sending of such notice, subject to further order of the Court with respect to any dispute concerning such compensation), locating Class Members, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any. The Class Notice and Administration Fund also may be invested and earn interest as provided for in ¶ 2.6 of this Stipulation.

2.11    The Released Defendants' Parties shall not have any responsibility for or incur any liability with respect to: any act, omission, or determination of or by the Escrow Agent, or any designees or agents thereof; the Class Notice and Administration Fund; the administration of, distribution of, or disbursement from the Class Notice and Administration Fund; the Settlement Fund; the administration of, distribution of, or disbursement from the Settlement Fund; the Net Settlement Fund; or the administration of, distribution of, or disbursement from the Net Settlement Fund.

### d.    Taxes

2.12    The Parties and the Escrow Agent agree to treat the Settlement Fund at all times as a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such

elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Claims Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

2.13    For the purpose of Section 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Claims Administrator. The Claims Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶ 2.14 of this Stipulation.

2.14    All Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including: (i) any Taxes or tax detriments that may be imposed upon the Released Defendants' Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"); and (ii) expenses and costs incurred (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) tax returns) ("Tax Expenses"), shall be paid out of the Settlement Fund; in no event shall the Released Defendants' Parties have any responsibility for or liability with respect to the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated

(notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)). The Parties hereto agree to cooperate with the Claims Administrator, the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of ¶¶ 2.12 to 2.14 of this Stipulation.

2.15    For the purpose of ¶¶ 2.12 to 2.14 of this Stipulation, references to the Settlement Fund shall include the Settlement Fund, the Class Notice and Administration Fund and the Net Settlement Fund and shall also include any earnings on each of the foregoing.

### e.    Effect of Termination or Lack of Effectiveness of Settlement

2.16    In the event that the Effective Date does not occur or the Settlement is terminated or does not become effective for any reason, including, without limitation, in the event that the Settlement is not approved by the Court or the Judgment is reversed or vacated following appeal, the Settlement Fund and the Class Notice and Administration Fund and the Net Settlement Fund (in each case, including accrued interest), less administration expenses actually incurred in connection with the Settlement provided for herein, shall be refunded to Honeywell as provided in ¶ 7.3 of this Stipulation, below, within ten (10) business days of termination of the Settlement.

## III.          Preliminary Approval Order and Settlement Hearing

3.1    Promptly after execution of the Stipulation, and no later than December 7, 2021, Plaintiffs shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of the Preliminary Approval Order, substantially in the form of Exhibit A hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval for the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") substantially in the form of Exhibit A-1 hereto, the Proof of Claim and Release (the "Claim Form") substantially

in the form of Exhibit A-2 hereto, and the Summary Notice (the "Summary Notice") substantially in the form of Exhibit A-3 hereto, and the Postcard Notice (the "Postcard Notice") substantially in the form of Exhibit A-4 hereto. The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application (as defined below), and the date of the Settlement Hearing (as defined below).

      3.2     Co-Lead Counsel shall request the Court to schedule a hearing after notice is given (the "Settlement Hearing") at which hearing Plaintiffs will seek final Court approval of the Settlement and entry of the Judgment. At the Settlement Hearing, Co-Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application, as provided for in ¶¶ 3.1 and 6.1 to 6.4 of this Stipulation. The form of Preliminary Approval Order submitted to the Court shall specifically include provisions that, among other things, will:

      (a)     Preliminarily approve this Stipulation and the Settlement as fair, just, reasonable and adequate;

      (b)     Preliminarily certify the Class, solely for purposes of the Settlement, and preliminarily find, solely for purposes of the Settlement, that each element for certification of the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure is met;

      (c)     Approve the form of the Notice to be posted on the Settlement website described in subparagraph (h) below and the Postcard Notice for mailing to Members of the Class for whom no email address is available, which shall direct Class Members to the Settlement website for Notice and Claim Form;

      (d)     Approve the form of the Claim Form to be posted on the Settlement website described in subparagraph (h) below;

(e)      Approve the form of Summary Notice for publication and for emailing to Members of the Class for whom an email address is available, which shall direct Class Members to the Settlement website for Notice and Claim Form;

(f)      Direct Co-Lead Counsel to mail or cause to be mailed the Postcard Notice to those Persons in the Class who can be identified through reasonable effort, on or before the date specified in the Preliminary Approval Order;

(g)      Direct nominees who purchased or otherwise acquired common stock of Honeywell for the benefit of Class Members between February 9, 2018 and October 19, 2018, inclusive, to send the Postcard Notice to all such Class Members within ten (10) days after receipt of the Notice or send a list of the names, email address, and addresses of such beneficiaries to the Claims Administrator within ten (10) days of receipt of the Notice, and authorize the Claims Administrator to reimburse such nominees at no more than the rates provided in the Notice for sending such information;

(h)      Direct Co-Lead Counsel to cause the Summary Notice to be published twice in nationally distributed, business-focused newswires on or before the date specified in the Preliminary Approval Order, and to place a copy of the Notice, Claim Form, Complaint, Stipulation (including Exhibits) and other Settlement-related documents on a Settlement-specific page of a website maintained by the Claims Administrator, on or before the date specified in the Preliminary Approval Order;

(i)      Provide that Class Members who wish to participate in the Settlement shall complete and file Claim Forms pursuant to the instructions contained therein, and provide the Claims Administrator with all requested documentation;

(j)    Find that the notice given pursuant to subparagraphs (c)-(i) above constitutes the best notice practicable under the circumstances and constitutes valid, due and sufficient notice to all Class Members, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law;

(k)    Schedule the Settlement Hearing to be held by the Court to consider and determine whether the Settlement should be approved as fair, reasonable and adequate, and whether the Judgment approving the Settlement should be entered;

(l)    Provide that any Class Member who so desires may exercise the right to exclude themselves from the Class but only if they comply with the requirements for so doing as set forth in the Notice;

(m)    Provide that at or after the Settlement Hearing, the Court shall determine whether the proposed Plan of Allocation should be approved;

(n)    Provide that at or after the Settlement Hearing, the Court shall determine and enter an Order regarding whether and in what amount attorneys' fees and reimbursement of expenses should be awarded to Co-Lead Counsel out of the Settlement Fund;

(o)    Provide that pending final determination of whether the Settlement should be approved, neither Plaintiffs nor any Class Member, whether directly, representatively, or in any other capacity, shall commence or prosecute any action or proceeding in any court or tribunal asserting any of the Released Claims against any of the Released Defendants' Parties;

(p)    Provide that any objections to: (i) the Settlement; (ii) entry of the Judgment approving the Settlement; (iii) the proposed Plan of Allocation; or (iv) Co-Lead Counsel's fee and expense application(s), and any papers submitted in support of said objections, shall be considered

by the Court at the Settlement Hearing only if, on or before the date specified in the Preliminary Approval Order, Persons making objections shall have filed and served written objections (which shall set forth each objection and the basis therefore) and copies of any papers in support of their position as set forth in the Notice; and

(q)     Provide that the Settlement Hearing may be continued or adjourned by Order of the Court without further notice to the Class.

### IV.   Releases

4.1     Upon the Effective Date, as defined in ¶ 7.1 of this Stipulation, Plaintiffs and each of the Class Members who have not opted out of the Settlement in accordance with the procedures provided in the Notice, on behalf of themselves, their respective present and former parent entities, subsidiaries, divisions, and affiliates, the present and former employees, officers, directors, advisors, partners, and agents of each of them, and the predecessors, heirs, executors, administrators, trusts, family members, successors and assigns of each of them, and anyone claiming through or on behalf of any of them, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims as against the Released Defendants' Parties, or any of them, whether or not such Class Member executes and delivers a Claim Form or participates in the Settlement Fund.

4.2     Upon the Effective Date, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity), asserting any of the Released Claims against any of the Released Defendants' Parties.

18

4.3     Upon the Effective Date, with respect to any and all Released Claims, Plaintiffs shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by California Civil Code § 1542 (to the extent it applies) or any other law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT IF KNOWN BY HIM OR HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs, for themselves and on behalf of all Class Members, expressly acknowledge that they may hereafter discover facts in addition to or different from those that any of them or their counsel now know or believe to be true with respect to the subject matter of the Released Claims or otherwise, but upon the Effective Date, Plaintiffs expressly shall have, and each Class Member shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Class Members shall be deemed to have acknowledged, and by operation of the Judgment shall have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

4.4     Upon the Effective Date, each of the Released Defendants' Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Plaintiffs' Parties from the Released Defendants' Claims, except for those claims brought to enforce the Settlement.

4.5     Upon the Effective Date, the terms of 15 U.S.C. § 78u-4(f)(7) shall apply to this Settlement, including that the Judgment shall provide that Contribution Claims shall be barred. The Judgment shall further provide specifically that it shall not bar any Contribution Claim by Honeywell against Released Defendants' Parties or Released Plaintiffs' Parties whose liability for the Released Claims has been extinguished by the Settlement.

**V.     Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of Settlement Fund**

5.1     The Claims Administrator shall administer and calculate the claims submitted by Class Members under the supervision of Co-Lead Counsel and pursuant to the Preliminary Approval Order entered by the Court.

5.2     Subject to the terms of this Stipulation and any orders of the Court, the Settlement Fund shall be applied as follows:

(a)     to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Claim Forms, and pay escrow fees and costs, if any;

(b)     to pay Taxes and Tax Expenses;

(c)     after the Effective Date, to pay Co-Lead Counsel's and Local Counsel's attorneys' fees and expenses, and to pay Co-Lead Plaintiffs for their time and expenses, if and to the extent allowed by the Court (the "Fee and Expense Award");

20

(d)      after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation (including ¶¶ 5.3-5.7 below) and the Plan of Allocation and any other applicable order of the Court.

5.3      Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation and the Plan of Allocation, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with ¶¶ 5.4 through 5.7 below.

5.4      Any Person falling within the definition of the Class may be excluded from the Class by submitting to the Claims Administrator a request for exclusion which complies with the requirements set forth in the Notice and is postmarked no later than fourteen (14) days prior to the date of the Settlement Hearing. Any Person who submits a valid and timely request for exclusion (and does not subsequently revoke this request for exclusion) shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation (including the releases herein) or the Judgment. However, a Class Member may submit a written revocation of a request for exclusion within ninety (90) days after the mailing of the Notice, or such other period as may be ordered by the Court, and may receive payments pursuant to this Stipulation and Settlement provided the Class Member also submits a valid Claim Form, as set forth in ¶ 5.6 below, within ninety (90) days after the mailing of the Notice, or such other period as may be ordered by the Court.

5.5      Within ninety (90) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Claim Form, signed under penalty of perjury and supported by such documents as are specified in the Claim Form and as are reasonably available to the Authorized Claimant.

5.6     All Class Members who fail to timely submit a Claim Form within ninety (90) days after the mailing of the Notice, or such other period as may be ordered by the Court, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.

5.7     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court. If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of such Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), such balance shall be reallocated among and distributed to Authorized Claimants in an equitable and economic fashion, or used to pay any outstanding amounts due to the Claims Administrator. Should any balance remain, Plaintiffs will propose to the Court for its approval an appropriate 501(c)(3) non-profit organization(s) beneficiary.

5.8     No Person shall have any claim against Plaintiffs' Counsel, the Claims Administrator, or other entity designated by Co-Lead Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.9     It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect or delay the finality of the Judgment or Settlement of

the Action (including the releases contained in the Stipulation), or any other orders entered pursuant to the Stipulation.

5.10    Defendants will take no position with respect to the Plan of Allocation. The Plan of Allocation is a matter separate and apart from the Settlement and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the Settlement.

5.11    The Released Defendants' Parties shall not have any responsibility for or incur any liability with respect to: any act, omission, or determination of or by the Claims Administrator, or any designees or agents thereof; any act, omission, or determination of or by any other entity designated by Co-Lead Counsel as referenced in ¶ 5.8 of this Stipulation; the Plan of Allocation; or the administration of the Plan of Allocation, except that the Released Defendants' Parties shall be responsible for providing any required notice under the Class Action Fairness Act of 2005 ("CAFA"), if any, at their own expense, no later than ten (10) calendar days following the filing of this Stipulation with the Court.

## VI.    Attorneys' Fees and Reimbursement of Expenses and Co-Lead Plaintiffs' Expenses

6.1    Co-Lead Counsel and Local Counsel may submit an application or applications for distributions to them from the Settlement Fund for: (a) an award of attorneys' fees; and (b) reimbursement of litigation expenses, including the fees of any experts, consultants, and investigators incurred in connection with prosecuting the Action, plus any interest on such attorneys' fees and expenses accrued at the same rate and for the same periods as earned by the Settlement Fund (until paid), as may be awarded by the Court (the "Fee and Expense Application"). Co-Lead Plaintiffs may also submit an application to compensate for their time and expenses in connection with the prosecution of the Action. Such Fee and Expense Application shall seek an award of attorneys' fees in an amount not greater than twenty-nine and two-tenths

percent (29.2%) of the Settlement Fund, and reimbursement of expenses incurred in connection with the prosecution of this Action not to exceed $175,000. Such Fee and Expense Application is subject to the approval of the Court. Co-Lead Plaintiffs will seek no more than $10,000 each as reimbursement for their time and expenses in diligently overseeing the prosecution of this Action, reviewing drafts of court filings, reviewing and responding to discovery requests, and producing documents, and preparing for deposition.

6.2    The attorneys' fees and expenses, as awarded by the Court, shall be paid to Co-Lead Counsel from the Settlement Fund, as ordered, immediately after an award by the Court, subject to the joint and several obligation of Co-Lead Counsel to make appropriate refunds or repayments to the Settlement Fund plus interest (accrued as from the date the funds of the Settlement Fund are deposited with the Escrow Agent until the date the appropriate refunds or repayments are made), if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or expense award is reduced or reversed.

6.3    The Settlement is not contingent on the allowance or disallowance of any requested Fee and Expense Award and Plaintiffs' Fee and Expense Application, and any such allowance or disallowance will not be grounds for terminating the Settlement. Any order or proceedings relating to the Fee and Expense Application, or Plaintiffs' expenses application, or any appeal from any order relating to either of the foregoing or reversal or modification of either of the foregoing, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment or the Settlement (including the releases contained therein).

6.4    The Released Defendants' Parties shall have no responsibility for, and no liability whatsoever with respect to: any Fee and Expense Application that Co-Lead Counsel and Local Counsel may file; any Plaintiffs' expenses application that Plaintiffs or Co-Lead Counsel and

Local Counsel may file; any payments to Co-Lead Counsel pursuant to ¶¶ 6.1 and 6.2, above; or any Fee and Expense Award that the Court may make in the Action.

**VII.   Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1     The Effective Date of the Stipulation and the Settlement shall be conditioned on the occurrence of all of the following events:

(a)     the Settlement Amount has been paid into the Settlement Fund as required by ¶ 2.2 of this Stipulation;

(b)     the Court has entered the Preliminary Approval Order substantially in the form attached hereto as Exhibit A as referenced in ¶ 3.1 of this Stipulation;

(c)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B hereto, which, *inter alia*, dismisses the Action with prejudice as to all Defendants and includes the releases set forth in this Stipulation; and

(d)     the Judgment has become Final.

7.2     Upon the occurrence of all of the events referenced in ¶ 7.1 of this Stipulation, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If all of the conditions specified in ¶ 7.1 of this Stipulation are not met, then the Stipulation shall be canceled and terminated subject to ¶ 7.4 of this Stipulation unless Co-Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Settlement.

7.3     Unless otherwise ordered by the Court, in the event that the Effective Date does not occur or the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, including, without limitation, in the event that the Settlement is not approved by the Court or the Judgment is reversed or vacated following any appeal taken therefrom, then within ten (10)

business days after written notification of such event is sent by counsel for Honeywell to the Escrow Agent, the Settlement Fund (including accrued interest), including the Settlement Amount, plus the Class Notice and Administration Fund (including accrued interest), and the Net Settlement Fund, and all payments disbursed, including all expenses, costs, and any Fee and Expense Award and any Plaintiffs' time and expense allocations – excluding only administration costs which have already been incurred in connection with providing notice and other reasonable administrative costs of implementing the Settlement shall be refunded by the Escrow Agent to Honeywell or its insurer pursuant to written instructions from Honeywell's counsel.

7.4     In the event that the Settlement is not approved by the Court or is terminated or fails to become effective in accordance with its terms, the Parties shall be restored to their respective positions in the Action as of the moment immediately before the settlement term sheet was executed on November 11, 2021. In such event, the terms and provisions of the Stipulation and any document executed pursuant to or in furtherance of the Stipulation or the Settlement, with the exception of ¶¶ 2.11, 7.3-7.5, and 8.4, shall have no further force and effect with respect to the Parties and shall not be used in this Action or in any other proceeding for any purpose, and any order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

7.5     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Plaintiffs nor Co-Lead Counsel nor Local Counsel shall have any obligation to repay any amounts disbursed from the Class Notice and Administration Fund. In addition, any expenses already incurred and properly chargeable to the Class Notice and Administration Fund pursuant to ¶ 2.10 of this Stipulation at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the

Stipulation prior to the balance being refunded in accordance with ¶¶ 2.10 and 7.3 of this Stipulation.

7.6     Simultaneously herewith, the Parties, by and through their respective counsel, are executing a Supplemental Agreement, attached hereto as Exhibit C, which gives Honeywell the right, but not the obligation, to terminate the Settlement in the event that a certain portion of the Class delivers timely and valid requests for exclusion from the Class (the "Supplemental Agreement").

## VIII.   Miscellaneous Provisions

8.1     The Parties acknowledge that it is their intent to consummate this Settlement; and agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their reasonable best efforts to accomplish the terms and conditions of the Stipulation.

8.2     Subject to the terms of this Stipulation, the Parties intend this Settlement to be a full and complete resolution of all disputes that Plaintiffs and the Class have with the Released Defendants' Parties, and that Defendants have with the Released Plaintiffs' Parties, with respect to the Released Claims and the Released Defendants' Claims, respectively. The Settlement comprises claims which are contested and shall not be deemed an admission by any Plaintiff or Defendant as to the merits of any claim or defense. The Judgment will contain a statement that during the course of the Action, Plaintiffs, Defendants, and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. In addition, Plaintiffs and the Class will not make applications against the Released Defendants' Parties, and Defendants will not make applications against the Released Plaintiffs' Parties for fees, costs or sanctions, pursuant to Rule 11, Rule 37, Rule 45 or any other court rule or statute, with respect to any claims or defenses in this Action or to any aspect of the institution, prosecution, or defense of the Action.

While retaining its right to deny any wrongdoing and/or liability, Honeywell agrees that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith by the Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Parties agree to refrain from making disparaging statements about the other in any press release, statements to the media, or other public communications (including statements made in court filings or in court) relating to the Settlement, including the claims to be released pursuant to the Settlement, including prior to the Effective Date. Nothing in this paragraph shall limit Honeywell's ability to continue to publicly state that it believes that the Co-Lead Plaintiffs' claims lack merit and that it denies wrongdoing as well as any liability for the claims made against Honeywell.

8.3     Neither the Term Sheet, the Stipulation, nor the Settlement, nor any of their terms or provisions, nor any act performed or document executed pursuant to or in furtherance of them, nor any of the negotiations or proceedings connected with them: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Defendants' Parties, or; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendants' Parties in any civil, criminal, administrative, or other proceeding before any court, administrative agency, arbitration tribunal, or other body. Any of the Released Defendants' Parties may file the Stipulation and/or the Judgment in any action or other proceeding that may be brought against them in order to support a defense, argument, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or similar defense, argument, or counterclaim.

8.4     All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation, pursuant to their terms.

8.5     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by reference. In the event there exists a conflict or inconsistency between the terms of the Stipulation, on the one hand, and any Exhibit on the other, the terms of this Stipulation shall govern.

8.6     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

8.7     The Stipulation and the executed or so ordered versions of those ancillary documents which are attached hereto as Exhibits constitute the entire agreement among the Parties and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein, Plaintiffs shall not be responsible for any costs borne by Defendants or their counsel, and Defendants shall not be responsible for any costs borne by Plaintiffs or their counsel.

8.8     Co-Lead Counsel, on behalf of the Class, are expressly authorized by Co-Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which Co-Lead Counsel deem appropriate.

8.9     Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

8.10    The Stipulation may be executed by electronic signature, in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

8.11    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

8.12    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement. The Parties agree that any action based on this Stipulation or to enforce any of its terms shall be brought in this Court.

8.13    Plaintiffs and Co-Lead Counsel represent and warrant that none of Co-Lead Plaintiffs' claims or causes of action in the Action have been assigned, encumbered, or in any manner transferred in whole or in part.

8.14    All terms of this Stipulation and the executed or so ordered versions of those ancillary documents which are attached hereto as Exhibits shall be governed by and interpreted according to the substantive laws of the State of New York, without giving regard or effect to its choice-of-law rules, except to the extent that federal law requires the application of federal law.

8.15    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

8.16    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation. Unless otherwise stated herein, any breach of any provision of this Stipulation by any Party hereto shall not constitute grounds for rescission of this Stipulation but shall constitute grounds only for a claim for specific performance for breach of this Stipulation.

IN WITNESS THEREOF, the Parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys dated this 7th day of December 2021.

| | |
|---|---|
| **KAHN SWICK & FOTI, LLC** | **KIRKLAND & ELLIS LLP** |
| */s/ Kim E. Miller*<br>Lewis S. Kahn<br>Craig Geraci<br>1100 Poydras Avenue, Suite 3200<br>New Orleans, LA 70163<br>Telephone: (504) 455-1400<br>Fax: (504) 455-1498 | */s/ Sandra C. Goldstein*<br>Sandra C. Goldstein, P.C.<br>Rachel M. Fritzler<br>Madelyn A. Morris<br>Jacob M. Rae<br>601 Lexington Avenue<br>New York, NY 10022<br>Telephone: (212) 446-4800 |
| Kim E. Miller<br>250 Park Avenue, 7th Floor<br>New York, NY 10177<br>Telephone: (212) 696-3730<br>Fax: (504) 455-1498 | **TOMPKINS, MCGUIRE,<br>WACHENFELD & BARRY LLP** |
| *Co-Lead Counsel for Co-Lead Plaintiffs<br>and the Class* | *William H. Trousdale*<br>William H. Trousdale<br>Jared P. DuVoisin<br>3 Becker Farm Road, Fourth Floor<br>Roseland, New Jersey 07068-1726 |
| **POMERANTZ LLP** | |
| */s/ Joshua B. Silverman*<br>Joshua B. Silverman<br>10 South La Salle Street, Suite 3505<br>Chicago, Illinois 60603<br>Telephone: (312) 377-1181<br>Fax: (312) 377-1184 | *Attorneys for Honeywell International<br>Inc., Darius Adamczyk, and Thomas A.<br>Szlosek* |
| *Co-Lead Counsel for Co-Lead Plaintiffs<br>and the Class* | |
| **DECOTIIS, FITZPATRICK, COLE &<br>GIBLIN** | |
| */s/ Vincent M. Giblin*<br>Vincent M. Giblin<br>61 South Paramus Road, Suite 250<br>Paramus, New Jersey 07652<br>Telephone: (201) 928-1100<br>Fax: (201) 928-0588<br>*Local Counsel for Co-Lead Plaintiffs<br>and the Class* | |