# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID KANEFSKY, Individually and on Behalf of Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HONEYWELL INTERNATIONAL INC., *et al.*,<br><br>Defendants. | No. 2:18-CV-15536-WJM-JAD<br><br>CLASS ACTION |

## LEAD PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF: (1) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND (2) MOTION FOR ATTORNEYS' FEES AND EXPENSES

**KAHN SWICK & FOTI, LLC**
Kim E. Miller (admitted PHV)
J. Ryan Lopatka (admitted PHV)
250 Park Avenue, Suite 2040
New York, NY 10177
Telephone: (212) 696-3730

-and-

Lewis S. Kahn
Craig J. Geraci, Jr. (admitted PHV)
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Telephone: (504) 455-1400

*Co-Lead Counsel for Lead Plaintiffs and the Class*

**POMERANTZ LLP**
Joshua B. Silverman (admitted PHV)
10 South La Salle Street, Suite 3505
Chicago, IL 60603
Telephone: (312) 377-1181

*Co-Lead Counsel for Lead Plaintiffs and the Class*

**DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP**
Vincent M. Giblin
61 South Paramus Road, Suite 250
Paramus, NJ 07652
Telephone: (201) 347-2136

*Liaison Counsel for Lead Plaintiffs and the Class*

## TABLE OF CONTENTS

**Page:**

I.   The Absence of Objections Strongly Supports Final Approval ...................... 2
II.  The Limited Number of Exclusions Strongly Supports Final Approval ................................................................................................. 4
III. Conclusion ................................................................................................. 5

# **TABLE OF AUTHORITIES**

**Page(s):**

## **Cases**

*Adam X. v. N.J. Dep't of Corr.*,
  No. 17-cv-00188, 2022 U.S. Dist. LEXIS 37601 (D.N.J. Mar. 3, 2022) ............... 3

*City of Detroit v. Grinnell Corp.*,
  495 F.2d 448 (2d Cir. 1974) ................................................................................. 2

*Girsh v. Jepson*,
  521 F.2d 153 (3d Cir. 1975) ................................................................................. 2

*In re Elec. Carbon Prods. Antitrust Litig.*,
  447 F. Supp 2d 389 (D.N.J. 2006) ........................................................................ 3

*In re Mercedes-Benz Emissions Litigation*,
  No. 16-cv-0881, 2021 U.S. Dist. LEXIS 256167 (D.N.J. Aug. 2, 2021) .............. 4

*In re Synchronoss Techs., Inc.*,
  No. 20-cv-07150, 2021 U.S. Dist. LEXIS 238014 (D.N.J. Dec. 13, 2021) ........... 3

*In re Valeant Pharm. Int'l Sec. Litig.*,
  No. 15-cv-07658, 2020 U.S. Dist. LEXIS 103675 (D.N.J. June 15, 2020) .......... 4

*In re Valeant Pharm. Int'l Third-Party Payor Litig.*,
  No. 16-cv-3087, 2021 U.S. Dist. LEXIS 253781 (D.N.J. Dec. 6, 2021) ............... 5

*Landsman & Funk, P.C. v. Skinder-Strauss Assocs.*,
  No. 08-cv-3610, 2015 U.S. Dist. LEXIS 64987,
  2015 WL 2383358 (D.N.J. May 18, 2015),
  *aff'd*, 639 F. App.'x 880 (3d Cir. 2016) ............................................................... 3

*Somogyi v. Freedom Mortg. Corp.*,
  495 F. Supp. 3d 337 (D.N.J. 2020) ....................................................................... 3

Lead Plaintiffs Charles M. Francisco, III ("Mr. Francisco") and Iron Workers Local 580 – Joint Funds ("Iron Workers," and collectively with Mr. Francisco, "Plaintiffs"), respectfully submit this Reply Memorandum in support of:

(1) Plaintiffs' Motion for Final Approval of Class Action Settlement (ECF No. 182) ("Final Approval Motion"); and

(2) Plaintiffs' Motion for an Award of Attorneys' Fees and Expenses and Compensatory Awards for Plaintiffs (ECF No. 182-2) ("Fee Motion").

This Reply is supported by the Declaration of Joseph Mahan Regarding (A) Mailing of Postcard Notice; (B) Publication of Summary Notice; (C) Call Center Services; (D) Posting of Notice and Claim Form on Settlement Website; (E) Report on Objections or Requests for Exclusion Received to Date; and (F) Claims Received To Date ("Suppl. Mailing Declaration"), attached to the Declaration of Vincent M. Giblin in Further Support of Lead Plaintiffs' Final Approval and Fee Motions ("Giblin Declaration"), submitted herewith, as Exhibit A.

The Court-ordered deadline for Class Members to object to the fairness, reasonableness, or adequacy of the Settlement, plan of allocation, proposed attorneys' fees and expenses, or proposed compensatory awards to Plaintiffs, lapsed on **April 12, 2022**. As of this filing, no Class Member has objected to any aspect of the Settlement or proposed awards, and only one confirmed Class Member (who

1

purchased just 100 shares in the Class Period) and a handful of potential Class Members (who did not provide confirmatory transactional information), have requested exclusion. Accordingly, the reaction of the Class Members to the proposed Settlement, plan of allocation, proposed attorneys' fees and expenses, and proposed compensatory awards to Plaintiffs strongly supports entering the Proposed Order of Final Judgment.[1]

### I.     The Absence of Objections Strongly Supports Final Approval

It has long been held that the reaction of the class to the proposed settlement is an important factor in evaluating the fairness of the settlement. *See, e.g.*, *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975) (citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974)). Here, after completing a robust notice program that included disseminating more than 500,000 notice postcards, twice publishing summary notice on widely-distributed, business-oriented newswires, and hosting a comprehensive settlement website containing all notice and settlement-related materials, not a single Class Member has raised any objection to any portion of the Settlement, the Plan of Allocation, request for an award of attorneys' fees and expenses, or the request for compensatory awards to Plaintiffs. *See* Suppl. Mailing

---

[1] Attached as Exhibit B to the Giblin Declaration is a revised Proposed Order for final approval of the Settlement ("Revised Proposed Order and Final Judgment") that identifies in ¶ 7 the requested exclusions but is otherwise identical to the proposed order and final judgment previously submitted as ECF No. 175-6.

2

Decl. at ¶¶ 6-18.

The lack of objections is strong evidence of the fairness, reasonableness, and adequacy of the settlement. *See, e.g.*, *Adam X. v. N.J. Dep't of Corr.*, No. 17-cv-00188, 2022 U.S. Dist. LEXIS 37601, at *22 (D.N.J. Mar. 3, 2022); *In re Synchronoss Techs., Inc.*, No. 20-cv-07150, 2021 U.S. Dist. LEXIS 238014, at *16-17 (D.N.J. Dec. 13, 2021) (same); *see also Somogyi v. Freedom Mortg. Corp.*, 495 F. Supp. 3d 337, 350-51 (D.N.J. 2020) ("[N]o substantive objections…favors granting plaintiffs' motion…."); *Landsman & Funk, P.C. v. Skinder-Strauss Assocs.*, No. 08-cv-3610, 2015 U.S. Dist. LEXIS 64987, 2015 WL 2383358, at *5 (D.N.J. May 18, 2015), *aff'd*, 639 F. App.'x 880 (3d Cir. 2016) (that "[t]he number of exclusions and objections are thus exceptionally small in relation to the size of the potential and confirmed class…. weighs in favor of approval of the settlement").

That no Class Member objected to the proposed fee request, expense reimbursement request, or compensatory award to Plaintiffs—all of which were fully disclosed in the Notice—likewise supports those requests. *See In re Elec. Carbon Prods. Antitrust Litig.*, 447 F. Supp 2d 389, 406 (D.N.J. 2006) ("The absence of objections to a fee request, or the imposition of minimal objections, is seen as an indicator that the fee request is fair."). Even a few objections are considered a favorable reaction supporting a fee request. *See, e.g.*, *In re Mercedes-Benz Emissions Litigation*, No. 16-cv-0881, 2021 U.S. Dist. LEXIS 256167, at *41-42 (D.N.J. Aug.

3

2, 2021) (class reaction of only a few objections "supports the fee request"); *In re Valeant Pharm. Int'l Sec. Litig.*, No. 15-cv-07658, 2020 U.S. Dist. LEXIS 103675, at \*46-47 (D.N.J. June 15, 2020) (only two objections to the fee request supported approval). Here, there were no objections at all, a reaction that strongly favors granting both the Final Approval Motion and the Fee Motion.

**II.    The Limited Number of Exclusions Strongly Supports Final Approval**

Although the Claims Administrator has broadly disseminated notice to over 500,000 potential Class Members instructing them of their right to opt out of the Settlement and the procedures for doing so, virtually all Class Members have elected to remain in the Class. To date, the Claims Administrator has received only eleven (11) exclusion requests. *See* Suppl. Mailing Decl. at ¶ 16 and Exhibit A. Of those requests, only one is from a Class Member (Request for Exclusion 10). Five are from Honeywell investors who did not purchase during the Class Period, and therefore are not Class Members (Requests for Exclusion 3, 5, 6, 7 and 11). Two are from the administrators of the same deceased investor's estate (Requests for Exclusion 1 and 2). The remaining three requests come from individual investors that declined to provide the transactional information required by the Notice and this Court's

4

preliminary approval order, and consequently Plaintiffs cannot ascertain whether they are Class Members (Requests for Exclusion 4, 8, and 9).[2]

That only one confirmed Class Member and a handful of potential Class Members have opted out of the settlement after more than 500,000 notices were disseminated strongly supports approval. *See In re Valeant Pharm. Int'l Third-Party Payor Litig.*, No. 16-cv-3087, 2021 U.S. Dist. LEXIS 253781, at *10 (D.N.J. Dec. 6, 2021) (only six opt outs in comparison to 41,000 notices mailed "clearly indicat[es] overwhelming support for the Settlements from the Settlement Class"); *see also Sourovelis v. City of Phila.*, 515 F. Supp. 3d 321, 337 (E.D. Pa. 2021) (15 opt outs from notice to 35,000 potential class members weighed in favor of approval).

### III. Conclusion

Accordingly, for all of the reasons stated herein, and in the Final Approval Motion and Fee Motion, the Court should enter the Proposed Final Judgment and Order of Dismissal with Prejudice attached as Exhibit B to the Giblin Declaration.

---

[2] Although Requests 1, 2, 4, 8 and 9 lack certain transactional information, they otherwise comply with the Court's preliminary approval order and Notice procedures. Therefore, Plaintiffs recommend that the Court give effect to their intention to be excluded from the Settlement and include their names in the Proposed Order attached as Exhibit B to the Giblin Declaration.

DATED: April 26, 2022          Respectfully submitted,

**DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP**

*/s/ Vincent M. Giblin*
Vincent M. Giblin
61 South Paramus Road, Suite 250
Paramus, NJ 07652
Telephone: (201) 347-2136
Fax: (201) 928-0588
Email: vgiblin@decotiislaw.com

*Liaison Counsel for Lead Plaintiffs and the Class*

**KAHN SWICK & FOTI, LLC**
Kim E. Miller (*admitted PHV*)
J. Ryan Lopatka (*admitted PHV*)
250 Park Avenue, 7th Floor
New York, NY 10177
Telephone: (212) 696-3730
Fax: (504) 455-1498
Email: kim.miller@ksfcounsel.com
Email: j.lopatka@ksfcounsel.com

 -and-

Lewis S. Kahn
Craig J. Geraci, Jr. (*admitted PHV*)
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Telephone: (504) 455-1400
Fax: (504) 455-1498
Email: lewis.kahn@ksfcounsel.com
Email: craig.geraci@ksfcounsel.com

*Co-Lead Counsel for Lead Plaintiffs and the Class*

                    **POMERANTZ LLP**
                    Joshua B. Silverman (*admitted PHV*)
                    10 South La Salle Street, Suite 3505
                    Chicago, IL 60603
                    Telephone: (312) 377-1181
                    Email: jbsilverman@pomlaw.com

                    -and-

                    Jeremy A. Lieberman (*admitted PHV*)
                    600 Third Avenue, 20th Floor
                    New York, New York 10016
                    Telephone: (212) 661-1100
                    Fax: (212) 661-8665
                    Email: jalieberman@pomlaw.com

                    *Co-Lead Counsel for Lead Plaintiffs*
                    *and the Class*

## CERTIFICATE OF SERVICE

      I hereby certify that on April 26, 2022 I caused the foregoing Lead Plaintiffs' Reply Memorandum in Support of: (1) Motion for Final Approval of Class Action Settlement and (2) Motion for Attorneys' Fees and Expenses to be served on Defendants via CM/ECF.

                                         */s/ Vincent M. Giblin*
                                         Vincent M. Giblin