UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID KANEFSKY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HONEYWELL INTERNATIONAL INC., et al.<br><br>Defendants. | Case No. 2:18-cv-15536-WJM-JSA<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

This matter came before the Court for hearing on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated December 7, 2021. Due and adequate notice having been given of the Settlement, and the Court having previously certified the Class for settlement purposes only, and having considered all papers filed and proceedings held herein, and good cause appearing,

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that:

1.  This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings set forth in the Stipulation.

2.  This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including Class Members.

3.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of settlement only, the Class is hereby certified, Co-Lead Plaintiffs Charles M. Francisco, III and Iron Workers Local 580 – Joint Funds are certified as the Class representatives, and Co-Lead Counsel Kahn Swick & Foti, LLC and Pomerantz LLP are appointed as Class Counsel.

4.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that said Settlement is, in all respects, fair, reasonable, adequate to, and in the best interests of, the Co-Lead Plaintiffs, the Released Plaintiffs' Parties, and each of the Class Members. This Court further finds the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Co-Lead Plaintiffs, the Released Plaintiffs' Parties, the Class Members, and the Defendants. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Parties are hereby directed to perform the Stipulation.

5.  Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Class, the Action and all claims contained therein, as well as all the Settled Claims, are dismissed with prejudice as against each and all of the Released Defendants' Parties, including all Defendants. Co-Lead Plaintiffs, the Released Plaintiffs' Parties, and the Class will not make applications against any of Released Defendants' Parties, and Defendants will not make applications against Co-Lead Plaintiffs or the Released Plaintiffs' Parties, for fees, costs, or sanctions pursuant to Rule 11, Rule 37, Rule 45 or any other court rule or statute, with respect to any claims or defenses in this Action or to any aspect of the institution, prosecution, or defense of this Action.

6.  Upon the Effective Date, Co-Lead Plaintiffs, the Released Plaintiffs' Parties, and each of the Class Members, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) as against the Released Defendants' Parties, whether or not such Class Member executes and delivers a Claim Form or participates in the Settlement Fund.

7. Upon the Effective Date, all Class Members (including Co-Lead Plaintiffs) and anyone claiming through or on behalf of any of them, except any Person who has validly and timely requested exclusion from the Class, will be forever barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity) asserting any of the Released Claims against any of the Released Defendants' Parties.

8. Upon the Effective Date, each of the Released Defendants' Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Co-Lead Plaintiffs, the Released Plaintiffs' Parties, each and all of the Class Members, and Co-Lead Counsel from all claims whatsoever arising out of, relating to, or in connection with the investigation, institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims, except for those claims brought to enforce the Settlement.

9. The Court hereby finds that the distribution of the Notice of Pendency and Proposed Settlement of Class Action, mailing of Postcard Notice, and emailing and publication of the Summary Notice as provided for in the Preliminarily Approval Order, as previously ordered at ¶ 7 of the Order Preliminarily Approving Settlement Providing for Notice of Pendency, constituted the best notice practicable under the circumstances – including individual notice to all Class Members who could be identified through reasonable effort – of those proceedings and of the matters set forth therein, including the proposed Settlement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

10.     Neither any objection to this Court's approval of the Plan of Allocation submitted by Co-Lead Counsel nor to any portion of this order regarding the attorneys' Fee and Expense Application shall in any way disturb or affect the finality of this Judgment.

11.     Neither the Term Sheet, the Stipulation, nor the Settlement, nor any of their terms or provisions, nor any act performed or document executed pursuant to or in furtherance of them, nor any of the negotiations or proceedings connected with them: (a) is or may be deemed to be or may be used as an admission of, concession or evidence of, the validity of any Released Claim, the truth of any fact alleged in the Action, the deficiency of any defense that has been or could have been asserted in the Action, or of any alleged wrongdoing, liability, negligence, or fault of any Released Defendants' Parties; or (b) is or may be deemed to be or may be used as an admission, concession or evidence of, any fault or misrepresentation or omission of, including with respect to any statement or written document attributed to, approved or made by, any Released Defendants' Parties in any civil, criminal, administrative, or other proceeding before any court, administrative agency, arbitration tribunal, or other body. Any Released Defendants' Parties may file the Stipulation and/or the Judgment in any other action or other proceeding that may be brought against them in order to support a defense, argument, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense, argument, or counterclaim.

12.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; (b) disposition of the Settlement Fund; (c) all Parties hereto for the purpose of construing, enforcing and administering the Stipulation and this Judgment.

13. After completion of the processing of all claims by the Claims Administrator, the Escrow Agent shall disburse the Net Settlement Fund in accordance with the Stipulation and Plan of Allocation without further order of this Court.

14. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Class Members advising them: (a) that Co-Lead Counsel would seek an award of attorneys' fees of up to twenty-nine and two-tenths percent (29.2%) of the Settlement Fund on behalf of themselves and Local Counsel, and reimbursement of expenses incurred in connection with the prosecution of the Action not to exceed $175,000, and Co-Lead Plaintiffs would seek compensatory awards not to exceed $10,000 each; and (b) that Class Members had a right to object to such application(s). A full and fair opportunity was given to all Persons who are Class Members to be heard with respect to the application for the award of attorneys' fees and expenses. The Court finds and concludes that the requested fee award is reasonable and awards attorneys' fees of 29.2% percent of the Settlement Fund (from which $190,742.53 is to be paid to Levi & Korsinsky), plus reimbursement of expenses in the amount of $ 149,453.67 (plus interest earned at the same rate as that earned by the Settlement Fund), both to be paid from the Settlement Fund pursuant to the Stipulation, upon entry of this Order, and awards Co-Lead Plaintiffs compensatory awards of $10,000 each, to be paid after the Effective Date.

16. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Class Members advising them of the Plan of Allocation and of their right to object, and a full and fair opportunity was given to all Class Members to be heard with respect to the Plan of Allocation. The Court finds that the formula for the calculation of the claims of Authorized Claimants, which is set

forth in the Notice of Pendency and Proposed Settlement of Class Action sent to Class Members, provides a fair and reasonable basis upon which to allocate among Class Members the proceeds of the Settlement Fund established by the Stipulation, with due consideration having been given to administrative convenience and necessity. The Court hereby finds and concludes that the Plan of Allocation set forth in the Notice is in all respects fair and reasonable and the Court hereby approves the Plan of Allocation.

17. This Action is hereby dismissed in its entirety with prejudice as to all Defendants.

18. All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Order, pursuant to their terms.

19. In the event that the Settlement does not become Final in accordance with the Stipulation, or the Effective Date does not occur, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated. In such event, all orders entered and releases delivered in connection herewith shall also be null and void to the extent provided by and in accordance with the Stipulation, and this litigation shall revert to the state at which it existed on November 11, 2021.

20. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

DATED: 5/3/22

THE HONORABLE WILLIAM J. MARTINI
UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF NEW JERSEY